Mr. Justice Walkee delivered the opinion of the Court. It is to be regretted that we are so frequently called upon to decide questions arising out of an irregular and loose practice in the Circuit Court, which require as much investigation, and involve points of practice equally as difficult to determine, as the questions arising on the merits of the controversy. Such is the case before us, and, in order fully to understand the point presented for our consideration, it becomes necessary briefly to refer to the facts as they appear of record. On the 17th January, 1846, Edward L. Pryor filed his declaration in Trover, in the Lafayette Circuit Court, against Benjamin P. Byburn, and thereupon sued out his writ of summons, returnable to the April term of said Court next thereafter. After-wards, on’the 7th March, 1846, he presented his petition to the Judge of the 6th judicial circuit, praying the Judge to grant him a change of venue in an action of Detinue, which (as he alleged) he had instituted, in the Lafayette Circuit Court, against said Ryburn. Upon this petition, there was endorsed an order of the Judge in vacation directing the venue in said action of Detinue to be changed from the county of Lafayette to the county of Hempstead, and» that the clerk of the Lafayette Circuit Court should make out and transmit to the county of Hempstead a copy of said order, petition, and affidavit, and a full transcript of the record in said case, with all the original papers therein. The notice, which appears to have been executed two days before the application was made, neither informs the defendant where the application is to be made nor what kind of action he wishes removed for trial from the Lafayette Court. It appears, from an endorsement on the back of these papers, that, on the 12th of March, 1846, the plaintiff’s attorney caused them to be filed, together with a writ and declaration between the same parties in an action of Trover, with the following certificate appended thereto : “ Edward L. Pryor vs. Benjamin F. Ryburn. STATE OF ARKANSAS,) County of Lafayette. ) ' J, Jesse Douglass, Clerk of the Circuit Court, in and for the county aforesaid, do hereby certify that the annexed declaration and writ of summons is all the papers on file in my office in the above entitled case, there having been no order made in the case. In testimony whereof, I have hereunto set my hand as Clerk, £l.s.] and affixed the seal of office, this 11th day of March, A.D. 1846. JESSE DOUGLASS, Clerk?’ These papers having been filed in the clerk’s office on the 12th March, 1846, on the 14th February, 1848, nearly two years after-wards, they ai’e noticed, for the first time, upon the record of the Hempstead Circuit Court. Both parties appeared in Court at that term. The plaintiff, upon affidavit, moved the Court for leave to amend the petition and order of the Judge granting a change of venue, by striking -out the word Detinue, and inserting in its place the word Trover, so as to make the petition and order purport to be an order for a change of venue in an action of' Trover instead of Detinue; which motion was sustained and the amendment made. The defendant, at the same time, opposed the motion, and excepted to the opinion of the Court, setting out the petition and order as they stood before they were amen-mended and also as amended. Upon the trial of the cause the defendant objected to the reading of the declaration to the jury, and also the petition, order, and notice, as being illegal and no part of the record of the case; but the Court overruled the objection, and the defendant excepted, and preserved these several papers as part of his bill of exceptions. It is unnecessary to pursue the history of the trial further for any purpose connected with the question before us. And first, were there such proceedings had as to divest the Lafayette Circuit Court of jurisdiction of the case? The statute authorizes a change of venue by petition to the Court, in term time or to the Judge 'in vacation, upon giving reasonable notice of the time and place of such application. Without stopping to inquire whether the notice was reasonable in point of time, (it not appearing when it was served,) it is very evident that it is wholly defective in failing to disclose the place where the ■ application was to be made. A more fatal defect could not have existed. How was it possible for the defendant to know where this application was to have been made ? It amounted to no notice whatever; and without a notice, such as required by the statute, the Judge had no more power to make the order than he would have to make any other order, or render a judgment affecting the rights of the party, without his first having had notice of such proceeding. Suppose, however, the proceeding to have been regular upon this point, no application was made, nor was any order granted to change the venue in an action of Trover. Detinue was the action the venue of which was to be changed. Would an order to the clerk of Lafayette Court, directing him to certify the papers and records in an action of Detinue, justify or warrant him in using that process as authority to send up the papers in an action of Trover? We think not. It is by virtue of this order that he is permitted to withdraw from his files the original papers committed to his custody, and it is this order, too, (as has been repeatedly decided by this Court,) which divests the Court of jurisdiction where the suit was commenced, and which confers upon the Court, to which the venue is changed, its power and authority to take cognizance of and try the case. The obvious intention of the Legislature was to have preserved, in the Court from whence the suit was to be removed, the evidences not only of the authority upon which that Court had been divested of its jurisdiction, but also evidence of the identity of the cause of action itself. For this purpose, it was enacted (Digest 983, sec. 7) that the clerk shall transmit, with the transcript of the record and the original papers, a copy of the petition, order and affidavit for a change of venue, and (sec. 8) that he shall make out, and file in his office, an authenticated copy of all the original papers filed in such case prior to the transmission of such papers. Thus, by preserving the original petion and order for a change of venue, and a copy of the original papers sent, there would (when connected with the records of the Court) be preserved a full record of the case and of its final disposition, as much so as if the order of change had been in term time and entered of record. it -will be seen, therefore, that this order of the Judge is not only necessary as an authority for the action of the clerk, and his only authority, but it is designed to become part of the record in the case, evidencing the final disposition of the suit. To accomplish either of these ends, it must be specific and certain and descriptive of the particular action to which it applies. In this respect, this order is not only not descriptive of the cause of action which is forwarded to the Hempstead Court, but affirmatively directs the record of another and different kind of action to be certified. But, in this case, the clerk does not assume to act under any authority whatever, nor is any reference made to an order, nor does it in any manner appear that an order for a change of venue in an action, either of detinue or trover, was ever presented to him. His certificate, it will be seen, is that the annexed declaration and writ were all the papers on file in his office. This transcript could as well have been procured without as with an order for change of venue; and yet this was the only paper on file to which the Hempstead Circuit Court could look for jurisdiction. The petition and order filed were in no way connected with the writ and declaration so certified: First, the clerk of the Lafayette Court had no authority to certify the original petition and order; Second, he did not allude to them in any manner in his certifi- • cate; Third, the petition and order were for the change of venue for another and different action. If these papers were to be considered as records of any Couft, they properly belonged to the files of the Lafayette Court. Suppose the application had been made in term time, and the order for a change of venue had been entered of record, and, with the original papers, the book of entries of the proceedings of the Lafayette Court had found its way into the Hempstead Court, would that Court have received the unauthenticated book as record evidence? True, Courts recognize and receive their own records as evidence of what transpires in the progress of a cause, but we are not prepared to say that they should recognize a book purporting to be a record from another county as evidence of what transpired in that Court, unless regularly certified or proven; and then it would be a proceeding inconvenient in practice and of very doubtful authority. But, to make the case still plainer and more in point, suppose, when the record was so presented, there should be found upon it an order, not for a change of venue in the case presented by the transcript, but in another action, would it be contended that such Court could alter the record so as to make it apply and conform to the transcript of the different action, and this, too, not after jurisdiction of the case had been acquired, but in order to confer jurisdiction upon such Court ? Most clearly it could not. And it needs no argument to prove that, under such circumstances, the Circuit Court of Hempstead county never did properly acquire jurisdiction of the case. Nor could consent have conferred jurisdiction, not only because the facts had hot been presented to that Court in such a manner as to confer jurisdiction, but because the Circuit Court of Lafayette county never had been divested of its jurisdiction. Therefore the Court erred, in overruling the defendant’s motion to reject the transcript, petition, and order, as conferring no jurisdiction upon it to try and determine the cause, and in proceeding to tidal and judgment therein. The original papers on file in the Hempstead Court in this case are improperly there, and upon application should be restored to the files oí the Lafayette Circuit Court where they propérly belong, and where this case is still pending and undetermined, so far as we may infer from the record before us. Let the judgment be reversed. Scott, J. -Not sitting.